**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250052-U

Order filed April 16, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0052 Circuit No. 13-CF-777 |
| | ) | |
| JUAN M. GONZALEZ, | ) ) | Honorable Sarah-Marie F. Jones, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Brennan and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: Defendant's postconviction petition stated the gist of a non-frivolous claim. Reversed and remanded.

¶ 2     Defendant, Juan M. Gonzalez, appeals the summary dismissal of his postconviction petition. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4    As the facts are well known to the parties and set forth in detail in our previous decisions, we set forth only those facts relevant to this appeal. See *People v. Gonzalez*, 2017 IL App (3d) 160183; *People v. Gonzalez*, 2018 IL App (3d) 170716-U.

¶ 5    In 2013, defendant was indicted on two counts of predatory criminal sexual assault of a child. 720 ILCS 5/11-1.40(a)(1) (West 2012). An interpreter was present at all court dates.

¶ 6    In July 2013, defense counsel told the court, "The State's Attorney did give us an offer[;] I'm still discussing that with my client[.]" The State agreed to keep the offer open.

¶ 7    On July 31, counsel told the court,

> "Judge, I had an opportunity to speak with Mr. Gonzalez at the jail with my interpreter. Upon speaking with him this morning, I feel like he still isn't understanding what his options are. My interpreter is not at the office today. *** I would be asking for a one week date so that I could actually go over and meet with Mr. Gonzalez and be able to speak with him some more so I can make sure that he really understands what's going on."

The State agreed to keep the offer open one more week.

¶ 8    In August 2013, defendant entered a blind guilty plea on both counts. Each count carried a sentencing range of 6 to 60 years' imprisonment, to be served consecutively. At the plea hearing, defendant told the court he completed six years of education and had no ability to read or write in the English language. He stated a document entitled "plea of guilty" was explained to him in Spanish with his attorney and an interpreter. The court asked if he fully discussed the pleas with his attorney, and if she had explained his rights and the effects and consequences of the guilty pleas. Defendant answered, "yes." Counsel stated she discussed with defendant all consequences

2

to his plea, including immigration issues, several times both in court and at the jail. Defendant said he was satisfied with his attorney and the services she rendered in handling his case.

¶ 9    In November 2013, defendant was sentenced to 20 years on each count, to be served consecutively.

¶ 10    In November 2024, defendant filed a *pro se* "Motion for Post-Conviction Relief Based Upon Actual Innocence." He claimed, among other things, ineffective assistance of plea counsel. Defendant alleged that during plea negotiations, his attorney conveyed him an offer under which he would plead guilty to count II in exchange for an 18-year sentence served at 85%. His attorney then asked him, "that's too much, right?" Defendant took this to mean he should not accept this plea offer and he could get a better offer. Thus, he rejected it. Defendant alleged the State ultimately gave him an "ultimatum that his only and final plea offer" was 20 years at 85% for both counts, otherwise he could be incarcerated for 60 years or more. On the advice of his counsel, he pleaded guilty. At the sentencing hearing, his attorney advised him to say "yes" to all of the judge's questions. Defendant was sentenced to 20 years on each count, and he was unaware that his sentences would run consecutively, not concurrently.

¶ 11    In January 2025, the court entered a written order summarily dismissing the petition, finding it frivolous and patently without merit. Defendant appeals.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, defendant asserts his postconviction petition stated the gist of a non-frivolous claim that he received ineffective assistance of plea counsel. He contends it is arguable that plea counsel performed deficiently in advising him to reject the State's offer to plead guilty to one count in exchange for an 18-year prison term and the dismissal of the other count. According to defendant, it was unreasonable to expect a better outcome upon rejecting the offer given defendant

3

was facing a sentencing range of 12 to 120 years' imprisonment. He also contends it was arguable that he suffered prejudice because after taking counsel's advice to reject the offer, he was sentenced to a 40-year aggregate prison term.

¶ 14 The State acknowledges the record does not contradict defendant's allegations that an 18-year plea offer was made and rejected. But, the State argues, defendant's argument is premised on his own interpretation of the phrase, "that's too much, right?" and there is no indication that counsel actually advised defendant to reject the offer. Moreover, the State claims, defendant did not plead prejudice. The State contends even at the low threshold applicable here, the phrase "that's too much, right?" on its own is insufficient to establish the gist of an ineffective assistance claim.

¶ 15 "The Post-Conviction Hearing Act provides a criminal defendant the means to redress substantial violations of his constitutional rights in his original trial or sentencing." *People v. Allen*, 2015 IL 113135, ¶ 20. "If a petition alleges sufficient facts to state the gist of a constitutional claim, even where the petition lacks formal legal argument or citations to authority, first-stage dismissal is inappropriate." *Id.* ¶ 24. The "gist" means the essence, the main point or part, as opposed to a factually complete statement of the claim. *People v. Brown*, 2014 IL App (4th) 120887, ¶ 18. A petition is not frivolous if it presents "legal points arguable on their merits." *Allen*, 2015 IL 113135, ¶ 25. "In resolving whether the petition is frivolous or patently without merit, the trial court must accept as true all well-pleaded allegations, unless the allegations are positively rebutted by the record. *People v. Gulley*, 383 Ill. App. 3d 727, 731 (2008). "[P]etitions filed *pro se* must be given a liberal construction and are to be viewed with a lenient eye, allowing borderline cases to proceed." (Internal quotation marks omitted.) *People v. Smith*, 2023 IL App (1st) 221496, ¶ 26. We review the circuit court's dismissal of defendant's petition *de novo*. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009).

4

¶ 16    "At the first stage of proceedings, a petition alleging ineffective assistance of counsel may not be summarily dismissed if (1) it is arguable that counsel's performance fell below an objective standard of reasonableness and (2) it is arguable that the defendant was prejudiced." *People v. Dixon*, 2022 IL App (1st) 200162, ¶ 32; see *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, broad, conclusory allegations of ineffective assistance of counsel are not sufficient. *People v. Delton*, 227 Ill. 2d 247, 258 (2008).

¶ 17    Although a voluntary guilty plea waives all nonjurisdictional errors, including constitutional defects, this rule "does not apply where a defendant claims his or her plea was involuntary because plea counsel provided deficient advice." *People v. Kimmons*, 2022 IL App (2d) 180589, ¶ 38. Notably,

> "postconviction challenges based on a claim that the defendant was denied his constitutional right to the effective assistance of counsel during guilty-plea negotiations with the State are almost always based on matters that occur *de hors* the record. Thus, absent a pretrial hearing in which the trial court could make a record regarding guilty-plea negotiations by asking questions of the parties on the record ***, the court must take all well-pleaded facts as true." *People v. Williams*, 2016 IL App (4th) 140502, ¶ 44.

¶ 18    Given the low threshold requirements at first-stage proceedings, we find defendant made an arguable claim he received ineffective assistance of counsel. The phrase "that's too much" arguably frames the offer as excessive, and "right?" arguably prompts defendant to agree. In substance, counsel's statement (1) evaluates the offer as unfavorable and (2) steers defendant away from accepting. At this stage, there is nothing in the record that positively rebuts defendant's claim that counsel advised him to reject the State's offer. See *People v. Brown*, 236 Ill. 2d 175, 189

5

(2010) ("All well-pleaded facts must be taken as true unless 'positively rebutted' by the trial record.). We agree it was unreasonable to expect a better outcome given defendant's recorded confession, the nature of the offense, his prior criminal history, and the aggregate sentencing range. Defendant was arguably prejudiced when he was sentenced to a period of imprisonment that was more than double the State's initial offer. See *People v. Bass*, 2022 IL App (1st) 210249, ¶ 26 ("A court can consider the disparity between 'the sentence a defendant faced' and a plea offer as objective evidence of prejudice supporting a defendant's claim."). Therefore, the circuit court erred when it summarily dismissed defendant's petition.

¶ 19                                    III. CONCLUSION

¶ 20        The judgment of the circuit court of Will County is reversed and remanded for second-stage proceedings.

¶ 21        Reversed and remanded.